**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4459**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

DAVID NEIL PHILLIPS, a/k/a Neil Phillips,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:12-cr-00236-F-1)

Submitted:  November 13, 2014        Decided:  December 15, 2014

Before NIEMEYER and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Steven Kiersh, LAW OFFICE OF STEVEN KIERSH, Washington, D.C., for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Neil Phillips pleaded guilty to conspiracy to manufacture, distribute, dispense, and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and five kilograms or more of cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (2012); and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c) (2012). After denying Phillips's motion to withdraw his guilty plea, the district court sentenced him to life imprisonment on the drug conspiracy, plus a sixty-month consecutive sentence for the firearm conviction. Phillips now appeals, arguing that the district court erred in denying his motion to withdraw his guilty plea. We affirm.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Nicholson, 676 F.3d 376, 383 (4th Cir. 2012). A defendant seeking to withdraw his guilty plea bears the burden of "show[ing] a fair and just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B); Nicholson, 676 F.3d at 383.

In deciding whether to permit a defendant to withdraw his guilty plea, a district court should consider:

> (1) whether the defendant has offered credible
> evidence that his plea was not knowing or otherwise
> involuntary; (2) whether the defendant has credibly

asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). While all of these factors should be considered, the key factor is whether the Rule 11 hearing was properly conducted. Nicholson, 676 F.3d at 384.

We have reviewed the record and discern no abuse of discretion in the district court's denial of Phillips's motion. Phillips has failed to establish that his guilty plea was not knowing and voluntary. During the Rule 11 hearing, the district court twice informed Phillips that these convictions carried a potential maximum penalty of two life sentences, which Phillips indicated that he understood. The written plea agreement signed by Phillips similarly stated in three places that the maximum penalty was life imprisonment for each charge.

Furthermore, the remaining factors support the district court's decision. Phillips has offered no support for his assertions that counsel's failure to file a motion to suppress deprived him of "close assistance of counsel" in connection with his plea. Nor has he provided any evidence to support his claim of legal innocence. Phillips also waited more than six months and until the morning of his sentencing hearing

3

to seek withdrawal of his plea, at considerable inconvenience to the government and the district court.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED